**ROBINSON BRADFORD LLP**
Matthew C. Bradford, Esq. (SBN 196798)
3439 Brookside Road, Suite 212
Stockton, California 95219
Telephone:     (209) 954-9001
Facsimile:      (209) 954-9091
matthew@robinsonbradford.net

Attorneys for Plaintiffs,
James McCarver and Dianna McCarver

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| James McCarver, an individual, and Dianna McCarver, an individual,<br><br>    Plaintiffs,<br><br> vs.<br><br>Prosper Funding, LLC, a corporation,<br><br>    Defendant. | Case No.:  5:19-CV-725<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br>**1. Violation of 47 USC 227 b(3)(B)**<br>**2. Violation of 47 USC 227 b(3)(B) & (C)**<br><br>**JURY TRIAL DEMANDED** |

  Plaintiffs James McCarver and Dianna McCarver allege the following:

  1. Plaintiffs bring this action seeking damages and all other available legal or equitable remedies resulting from the illegal actions of Prosper Funding, LLC. ("Prosper") in negligently, knowingly, and/or willfully contacting Plaintiffs on Plaintiffs' cellular telephones in violation of the Telephone Consumer Protection Act, 47. U.S.C.§227 et seq. ("TCPA").

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction under 28 U.S.C. section 1331 because this case arises out of violations of federal law. Specifically, Defendant has repeatedly violated 47 U.S.C. section 227 subparagraph (b) and (c) as is more thoroughly described below.

3. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. section 1391(b) because Defendant does business within the State of California and a substantial part of the events that gave rise to this action took place in Riverside County.

## PARTIES

4. Plaintiffs are each a natural person residing in California and are each a "person" as defined by 47 U.S.C. section 153(39).

5. Defendant is a "person" as defined by 47 U.S.C. section 153 (39).

6. The above named Defendant, and their subsidiaries and agents, are collectively referred to as "Defendant."

7. Plaintiffs are informed and believes that at all times relevant each and every Defendant was acting as an agent and/or employee of each of the other Defendants and were acting within the course and scope of said agency and/or employment with full knowledge and consent of each of the other Defendants. Plaintiffs are informed and believes that each of the acts and/or admissions complained of herein was made known to, and ratified by, each of the other Defendants.

## BACKGROUND ALLEGATIONS

### The Telephone Consumer Protection Act of 1991 (TCPA) 47 U.S.C. § 227

8. In response to a number of consumer complaints regarding telemarketing practices, the Congress of the United States enacted the Telephone Consumer Practices Act (47 U.S.C. §227, et seq.)

9. Among other things, the TCPA regulates the use of automated telephone equipment, also known as "robocallers" with regard to the calling of wireless or cellular telephones. More specifically, 227(b)(1)(A)(iii) prohibits the robocalling of any cellular or wireless telephone except for emergency purposes or except where the called party has given express consent.

10. The Federal Communications Commission found that such calls are prohibited because, as Congress found, automated or pre-recorded calls are a greater nuisance and invasion of privacy than live solicitation calls. Moreover, such calls can be inconvenient and costly because wireless customers may be charged for incoming calls.

### Defendant's Practice of Robocalling Mr. and Mrs. McCarver on their Cell Phones

11. On or about January 4, 2016, Prosper received from Mr. and Mrs. McCarver a written notice notifying Prosper that, to the extent that Prosper ever had consent from the McCarvers to call them on their cell phones, McCarvers unequivocally revoked said consent for Prosper to call either Mr. or Mrs. McCarver on their cell phones.

12. Beginning in or about January 2015 and continuing for some time, Prosper contacted Mr. and Mrs. McCarver on their cellular telephones (number ending in 9796 and/or 7740) in an attempt to collect an alleged outstanding debt owed by Plaintiffs.

13. On multiple instances, Defendant placed multiple calls in a single day to Mr. and Mrs. McCarver's cellular telephones in order to seek to collect the alleged debt owed by the Plaintiffs.  In all, Prosper placed at least 74 calls to Mr. and Mrs. McCarvers' phone numbers after Prosper received the written notice from the McCarvers revoking any consent to call them on their cell phones.

14. Prosper used an "automatic telephone dialing system", as defined by 47 U.S.C. §227(a)(1), to place its calls to Mr. and Mrs. McCarver seeking to collect the debt allegedly owed by the Plaintiffs.

15. Prosper's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. §227(b)(1)(A).

16. Prosper's calls were placed to telephone numbers assigned to cellular telephone service.

17. On a few occasions, Mr. and Mrs. McCarver answered Defendants' telephone calls in order to advise them to cease calling on their cell phones.  However, Mr. and Mrs. McCarver were unable to speak with a live human representative as Mr. and Mrs. McCarver was routinely greeted by "dead air" on the other end of the call. On at least one occasion, Mr. or Mrs. McCarver was able to speak with a live representative of Defendants and directed them to stop calling their cell phones.  But, Defendants continued to call their cell phones despite this request.

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

18. Mr. and Mrs. McCarver repeat and incorporate by reference into this cause of action the allegations set forth above at paragraphs 1-17.

19. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. section 227 et. seq.  Pursuant to 47 U.S.C.  section 227(b)(3)(B), Plaintiffs are each entitled to an award of $500.00 in statutory damages, for each and every violation.

20. Plaintiffs are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

**Knowing or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

21. Plaintiffs repeat and incorporate by reference into this cause of action the allegations set forth above at paragraphs 1-20.

22. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. section 227 et seq.

23. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. §227 et seq., Mr. and Mrs. McCarver are each entitled to an award of $1,500.00 in statutory damages, for

each and every violation, pursuant to 47 U.S.C. section 227(b)(3)(B) and 47 U.S.C. section 227(b)(3)(C).

24. Mr. and Mrs. McCarver are also entitled to and seek injunctive relief prohibiting such conduct in the future.

WHEREFORE, Mr. and Mrs. McCarver request judgment against Defendants and each of them for the following:

## FIRST CAUSE OF ACTION

1. As a result of Defendants' negligent violations of 47 U.S.C. section 227(b)(1), Mr. and Mrs. McCarver are each entitled to and request the sum of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. section 227(b)(3)(B).

2. An injunction directing Defendants to cease calling Mr. and Mrs. McCarver's cellular telephone numbers using any automatic telephone dialing system as defined by 47 U.S.C. section 227(a)(1).

3. Any and all relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

4. As a result of Defendants' willful and/or knowing violations of 47 U.S.C. section 227(b)(1), Mr. and Mrs. McCarver are each entitled to and request treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. section 227(b)(3)(B) and 47 U.S.C. section 227(b)(3)(C).

5. An injunction directing Defendants to cease calling Mr. and Mrs. McCarver's cellular telephone numbers using any automatic telephone dialing system as defined by 47 U.S.C. section 227(a)(1).

6. Any and all other relief that the Court deems just and proper.

Dated: April 17, 2019

        **ROBINSON BRADFORD LLP**

        By:   /S/Matthew C. Bradford, Esq.
                Matthew C. Bradford
                ROBINSON BRADFORD LLP
                Attorney for Plaintiffs,
                James McCarver and Dianna McCarver

## JURY TRIAL DEMAND

Plaintiffs James McCarver and Dianna McCarver hereby request a jury trial on the claims of the complaint.

Dated: April 17, 2019

        **ROBINSON BRADFORD LLP**

        By:   /S/Matthew C. Bradford, Esq.
                Matthew C. Bradford
                ROBINSON BRADFORD LLP
                Attorney for Plaintiffs,
                James McCarver and Dianna McCarver